**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Never Slip Holdings, Inc., *et al.*,[1] | Case No. 24-10663 (LSS) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENTS**
**OF LIMITATIONS, METHODOLOGY, AND**
**DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Never Slip Holdings, Inc. (5010); Never Slip TopCo, Inc. (8956); SHO Holding I Corporation (7699); SHO Holding II Corporation (7738); Shoes For Crews, Inc. (9679); SFC Holdings, Inc. (8908); SFC Holdings, LLC (2357); Shoes for Crews, LLC (2362); SRS/MKS, L.L.C. (7003); Shoes for Crews Canada, Ltd. (0085); SFC Canada, Inc. (1314); and Sunrise Enterprises, LLC (4516). The Debtors' service address is 5000 T-Rex Avenue, Suite 100, Boca Raton, FL 33431.

## I.  **Notes Applicable to all Schedules and Statements**

**Note 1:  Reporting Date**.  The reported asset and liability values in Schedules A and B reflect the Debtors' asset values as of April 1, 2024 (the "Reporting Date" or "Petition Date").  The liability information contained in Schedules D and E/F parts 1 and 2 are also reported as of the Reporting Date.

**Note 2:  Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Note 3:  Signatory**.  Christopher Sim has signed the Schedules and Statements.  Mr. Sim serves as Chief Financial Officer of the Debtors and is the authorized signatory for the Debtors in these chapter 11 cases.  In reviewing and signing the Schedules and Statements, Mr. Sim has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and their legal and financial advisors.  Mr. Sim has not personally verified and could not personally verify the accuracy of each such statement and representation, but believes them to be true, correct and accurate as of the date he signed the Schedules and Statements.

**Note 4:  Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

**Note 5:  Net Book Value**.  In certain instances, current market valuations for individual items of property and other assets are neither maintained by nor readily available to the Debtors.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Reporting Date.

**Note 6:  Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions, as of the Reporting Date, with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

**Note 7:  Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

**Note 8:  Reservation of Rights**.  In preparing the Schedules and Statements, the Debtors relied on unaudited financial data derived from their books and records that was available at the time their preparation.  Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, inadvertent errors or omissions might exist and subsequent information or discovery might result in material changes or modification to the Schedules and Statements or may require the Debtors to file amended Schedules and Statements. The Debtors reserve all of their rights under Bankruptcy Rule 1009 to amend or modify any of the Schedules and Statements, including with respect to the treatment, characterization, classification, amount, omission, or inclusion of any claims, assets, liabilities, or executory contracts, and to the

extent necessary to advance positions in the chapter 11 cases that might conflict with the Schedules and Statements.

**Note 9:  Confidentiality.**  To protect the privacy of certain individual parties, including, among others, the Debtors' employees, customers, creditors and interest holders who are individuals, and in accordance with the *Order (I) Authorizing Debtors to File a Consolidated (A) Creditor Matrix and (B) Top 50 Creditors List, (II) Authorizing Redaction of Certain Personal Identification Information, and (III) Granting Related Relief* [Docket No. 46], mailing addresses of such individuals were excluded from the Schedules and Statements.  The Debtors have used this approach to, as noted, protect the privacy of an individual, for the protection of sensitive commercial information, or because of a confidentiality agreement.  The alterations are limited to only what is necessary to protect the Debtors or the third party.

## II.    Notes to Schedules of Assets and Liabilities

1.    ***Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments****.* Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue to Operate their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue Certain Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 11] (the "Cash Management Motion").

Additionally, the Court, pursuant to the *Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (B) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (C) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Services; and (II) Granting Related Relief* [Docket No. 126], has authorized the Debtors to provide adequate assurance of payment for future utility services.  Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Reporting Date.

***Schedule A/B, Part 3 – Accounts Receivable****.*  The receivables listed in the Schedules include receivables from the Debtors' customers and are calculated net of any amounts that, as of the Reporting Date, may be owed to such customers in the form of offsets or other price adjustments pursuant to the Debtors' customer program policies and day-to-day practices.  The accounts receivable balances in this section exclude intercompany related receivables. Intercompany related receivables are instead shown in the response to Part 11, Question 77.

***Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture****.*  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

***Schedule A/B, Part 5 – Inventory, excluding agricultural assets.*** Amounts represent inventory on hand and inventory in transit as of the Reporting Date. Amounts presented as inventory receipts within twenty days of the Petition Date have not been reduced to reflect inventory received under cash in advance payment or payments made postpetition under certain First Day Orders (as defined below). The amounts listed in Part 5 should not be interpreted as an estimate of claims pursuant to Bankruptcy Code section 503(b)(9)**.**

***Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles***. Dollar amounts are presented net of accumulated depreciation and other adjustments. Unless otherwise indicated, owned property and equipment are listed at net book value. The Debtors lease equipment from certain third-party lessors. Such leases are listed in the Schedules and Statements. Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

***Schedule A/B, Part 8 – Machines, Equipment, and Vehicles***. Vehicle and equipment identification details (year, make, model, etc.) are taken from postpetition inventory reviews in connection with readying the Debtors' assets for sale.

***Schedule A/B, Part 9 – Real Property***. Unless otherwise indicated, real property and leasehold improvements are listed at net book value.

***Schedule A/B, Part 10 – Intangibles and Intellectual Property Rights***. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights. The Debtors' intangibles and intellectual property interests are listed at net book value as reflected in the Debtors' books and records as of the Petition Date, or reflected as undetermined, unless otherwise noted. Trademarks and domains are listed as having an undetermined value.

***Schedule A/B, Part 11 – All Other Assets***. Dollar amounts are presented net of impairments and other adjustments. The value of all assets listed on Schedule A/B are calculated as of the Reporting Date. Additionally, the Debtors may receive refunds for sales and use tax at various times throughout their fiscal year. As of the Petition Date, however, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtors and Rights to Setoff Claims***. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, credits, rebates, or refunds with their customers and suppliers or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which such Debtor has asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Despite exercising their reasonable efforts to identify all such assets, the Debtors may not

have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules.

***Interests in Insurance Policies or Annuities***.  A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Existing Insurance Policies and Pay All Insurance Obligations Arising Thereunder, and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (II) Granting Related Relief* [Docket No. 6].  The Debtors believe that there is little or no cash value to the vast majority of such insurance policies.  Such policies have all been included on Schedule A/B, Part 11, with values listed as "undetermined" for each of the Debtors.  The Debtors' interest in these types of policies is limited to the amount of the premiums that the Debtors have prepaid, if any, as of the Petition Date.  To the extent the Debtors have made a determination of the amount of prepaid insurance premiums or prefunded claim tails as of the Reporting Date, such amounts are only listed on Schedule A/B, Part 2, Question 8, as prepayments.  All policies are expected to remain active until their stated expiration.

***Intercompany Claims***.  Certain receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.  The Debtors continue to review intercompany receivables and payables and, for the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

***Other Receivables***.  Trade payables with vendors where the Debtor is in a net creditor position are listed as a receivable to the Debtor and not as a negative claim amount on Schedule E/F.

2.    ***Schedule D – Creditors Who Have Claims Secured by Property***.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, subject to the Debtors' rights, stipulations or releases pursuant to any applicable court order.  By listing an "amount of claim" in Schedule D, the Debtors are not admitting or waiving any rights to assert that all or any portion of such claim is wholly unsecured.  Further, the listing of a claim as secured is not an admission as to the validity of any lien.  The Debtors made reasonable, good-faith efforts to include all liens on Schedule D, but may have inadvertently omitted an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed on March 23, 2024, or a vendor may not have

filed the requisite perfection documentation. Finally, although there are multiple parties that may hold a portion of the debt included in the Debtors' prepetition funded debt facilities, only administrative agents have been listed for purposes of Schedule D.

The descriptions provided in Schedule D are intended only to be a summary. In certain instances, a Debtor may be a co-obligor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. Nothing in Schedule D and/or the Notes shall be deemed a modification or interpretation of the terms of such agreements.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of Christopher Sim, Chief Financial Officer of Never Slip Holdings, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "First Day Declaration"). Furthermore, in addition to the First Day Declaration, reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral, security interests, and the nature, extent, and priority of any liens.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

Except as specifically stated, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights, claims and causes of action with respect to claims associated with any contracts and agreements listed on Schedule D or Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement) related to a creditor's claim. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

3. ***Schedule E/F – Creditors Who Have Unsecured Claims***. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. Some of the scheduled liabilities are unknown, contingent and/or unliquidated at this time. In such cases, the amounts are listed as "Unknown" or "Undetermined." Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtors' total liabilities as noted on any previously issued financial statements.

***Credits and Adjustments***. The claims of creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits or other adjustments due from such creditors to the Debtors.

***Paid Claims***. The Debtors have authority to pay certain outstanding prepetition liabilities pursuant to bankruptcy court orders (collectively, the "First Day Orders"). As such, certain liabilities listed in the Schedules and Statements may have been subsequently reduced or

satisfied pursuant to the First Day Orders notwithstanding the fact that the Debtors have listed claims and payables as of the Petition Date in the Schedules and Statements.  The designation of such liabilities as "Disputed" means that they have been or may in the future be reduced as to amounts payable or paid in accordance with the First Day Orders.

***Excluded Liabilities***.  The Debtors excluded deferred tax liabilities and accrued salaries and employee benefits from the Schedules and Statements.  Other immaterial liabilities may also have been excluded.

 ***Creditors with Priority Unsecured Claims***.  The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.

Pursuant to the *Final Order (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 111], the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition.  Claims owing to various taxing authorities to which the Debtors potentially may be liable, and which the Debtors have received notice of liability from such taxing authorities, are reported on Part 1. Such claims are listed as "unliquidated" and will be satisfied in the ordinary course during these chapter 11 cases pursuant to authority granted to the Debtors in the relevant First Day Orders.  Certain of such claims, however, may be subject to ongoing audits.  Therefore, the Debtors have listed all such claims as "contingent" and "unliquidated," pending final resolution of ongoing audits or other outstanding issues.

Furthermore, pursuant to the *Final Order (I) Authorizing Debtors to (A) Pay Prepetition Wages, Employee Benefits Obligations and Other Compensation (B) Continue Employee Benefits Programs and Pay Related Administrative Obligations and (II) Granting Related Relief* [Docket No. 171] (the "Employee Wage Order"), the Debtors received authority to pay certain prepetition obligations, including certain employee wages and other employee benefits in the ordinary course of business.  The Debtors believe that (but cannot guarantee that) such claims will be satisfied in the ordinary course during the chapter 11 cases pursuant to the authority granted in the Employee Wage Order or other order that may be entered by the Bankruptcy Court.  Additionally, claims against the Debtors on account of wage or wage-related obligations may maintain priority under section 507 of the Bankruptcy Code, but are subject to the priority cap imposed under subsections (a)(4) and (a)(5) of section 507 of the Bankruptcy Code.

***Part 1 – Creditors with Nonpriority Unsecured Claims***.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made reasonable attempts to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed in Schedule E/F.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the First Day Orders or the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be rejected.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to amend Schedules D and E/F if, or when, the Debtors receive such invoices.

The Debtors have made reasonable efforts to locate and identify Guaranties in each of the executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedules for the Debtor or Debtors affected by such Guaranties as a contingent and unliquidated obligation. The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guaranties were additionally placed on Schedule D or F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable. In addition, the Debtors reserve the right to amend the Schedules and Statements and to re-characterize or reclassify any such contract or Claim, whether by amending the Schedules and Statements or in another appropriate filing. Additionally, failure to list any Guaranties in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guaranties not listed.

***Intercompany***. The Debtors maintain business relationships among each other and with their foreign subsidiaries based in Canada, Europe, and Asia (collectively, the "Foreign Subsidiaries"), resulting in intercompany receivables and payables in the ordinary course of business. Such Intercompany Claims arise (a) among the Debtors and (b) between the Debtors and the Foreign Subsidiaries pursuant to prepetition intercompany arrangements.

***Trade Payables***.  To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F.

***Customer Programs***.  A more thorough description of the Debtors' customer relationships is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Honor Certain Prepetition Obligations to Customers and (B) Otherwise Continue Certain Customer Programs in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 12].  The Debtors received approval under the *Final Order (I) Authorizing the Debtors to (A) Honor Certain Prepetition Obligations to Customers and (B) Otherwise Continue Certain Customer Programs in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 115] to continue to honor certain obligations to customers, and otherwise continue customer programs in the ordinary course of business such as courtesy credits issued to customers in the ordinary course of business.

4.  ***Schedule G – Executory Contracts and Unexpired Leases***.  Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Additionally, relationships between the Debtors and their customers are often governed by a master services agreement, under which customers also place work and purchase orders, which may be considered executory contracts.  The Debtors believe that disclosure of all of these purchase and work orders would be impracticable and unduly burdensome.  Accordingly, to the extent the Debtors have determined to disclose non-confidential master services agreements in Schedule G, purchase and work orders (including statements of work) placed thereunder may have been omitted.  The Debtors reserve all rights to sever or argue that any agreement listed in Schedule G is severable.

Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor entity that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

Although the Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final

exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, the specific Debtor obligor to certain of the executory contracts or unexpired leases could not be specifically ascertained in every circumstance.  In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.  To the extent the Debtors were unable to attribute an executory contract or unexpired lease to a specific Debtor, the liability has been listed on Schedule G of Shoes for Crews, LLC.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, some of which may be oral.  While the Debtors have made every effort to reflect the current agreements, to the extent such contracts or agreements constitute executory contracts, certain of these contracts and agreements may not be listed individually on Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any contract, agreement, document or other instrument related to a creditor's claim.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreements, instruments, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some, but not all, cases, the same supplier or provider may appear multiple times in Schedule G.  Multiple listings, if any, may reflect distinct agreements between the applicable Debtor and such supplier or provider, or work or purchase orders pursuant to a master services agreement, which may not be considered executory contracts.  The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract.  The Debtors reserve the right to dispute the effectiveness of

any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G.

The Debtors have exercised reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor.

5.   ***Schedule H – Co-Debtors.***

For purposes of Schedule H, the Debtors have listed only the agent under the prepetition credit facility or counterparties that are subject to a guaranty related to the co-Debtors.

In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

## III.   <u>Notes to Statements of Financial Affairs</u>

1.   ***Statements, Part 1, Questions 1 and 2 – Income and Non-business Revenue.*** The income stated in the Debtors' response is consistent with the consolidated sales disclosed in compliance with GAAP and, for purposes of these Statements, does not include revenue derived from Intercompany Transactions. Revenue reported on Question 1 is net of discounts, chargebacks and related items. Revenue for the current fiscal year has been provided through the Reporting Date, on a prorated basis when indicated below. Although the Debtors track unrealized gains related to foreign exchange rates for accounting purposes, the Debtors' response to Question 2 does not reflect unrealized gains related to foreign exchange.

***Statements, Part 2, Questions 3 and 4 – Payments to Certain Creditors.*** The Debtors operate an integrated and elaborate system of bank accounts to facilitate the collection and disbursement of funds worldwide. All payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by Shoes for Crews, LLC or one of its Debtor affiliates from operating bank accounts (the "<u>Operating Accounts</u>"), on behalf of the corresponding Debtor, pursuant to the Debtors' Cash Management System described in the Cash Management Motion.

Pursuant to the Debtors' cash management system, payments made to various parties may be made from a single Debtor on behalf of one or more Debtor entities.

The Debtors have responded to Question 3 in detailed format by listing each payment for the 90 days prior to the Petition Date. The response to Question 3, however, does not include transfers to insiders (which transfers appear in response to Part 2, Question 4).

The payroll-related amount shown in response to Question 4, which includes, among other things, salary, wage, and additional compensation, is a gross amount that does not include reductions for amounts including employee tax or benefit withholdings. In the ordinary course of business, certain corporate or personal credit cards may be utilized by insiders to pay for travel and business-related expenses for various other individuals employed by the Debtors. As it would be unduly burdensome for the Debtors to analyze which credit card expenses related to those incurred on behalf of an insider as opposed to another employee (or the Debtors), the Debtors have listed the aggregate amount paid for such expenses.

Certain directors and executive officers of the Debtors are also directors and executive officers of certain Debtor and non-Debtor affiliates. To the extent payments to such individuals are not listed in the response to Questions 3 and 4 on the Statements for such Debtor affiliates, they did not receive payment for their services as directors or executive officers of these entities.

In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to certain individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

2.   ***Statements, Part 3, Question 7 – Legal Actions or Assignments***. The actions described in response to Question 7 are the responsive proceedings or pending proceedings of which the Debtors are aware. The actions described in Question 7 include audits being conducted by various state taxing authorities.

Despite reasonable efforts, the Debtors may not have identified all current and potential causes of action the Debtors may have against third parties in their respective Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights and defenses with respect to all listed audits. The listing of any such audits shall not constitute an admission by the Debtors of any liabilities against the Debtors or any affiliates of the Debtors.

3.   ***Statements, Part 6, Question 11 – Payments Related to Bankruptcy***. Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Petition Date. The services rendered pertain to (i) debt restructuring, (ii) relief under the Bankruptcy Code, and (iii) preparation of a bankruptcy petition.

Information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications and related orders. The Debtors believe

that it would be an inefficient use of the assets of the estates to allocate these payments on a Debtor-by-Debtor basis. The Debtors have listed all such payments on the Statement of Shoes for Crews, LLC. In addition, in the interest of additional disclosure and out of an abundance of caution, the Debtors have included all payments to applicable professionals, including payments unrelated to bankruptcy (*e.g.*, for corporate, intellectual property, and litigation-related professional fees and expenses) made within one year proceeding the Petition Date.

4.      ***Statements, Part 6, Question 13*** — The Debtors may, from time to, transfer equipment and other assets and/or sell certain equipment and other assets to third parties. These types of ordinary course transfers have not been disclosed. The Debtors may also abandon assets in place at the locations for which they have no future use or have been unable to sell to a third party. These types of transfers have not been disclosed.

5.      ***Statements, Part 12, Questions 22-24 – Details about Environmental Information***. The Debtors acknowledge the possibility that information related to material proceedings, notices and governmental notifications responsive to Statements, Part 12, Questions 22-24, may be discovered subsequent to the filing of the Schedules and Statements. The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available. In addition, Statements, Part 2, Question 7, may identify information that is also responsive to Statements, Part 12, Question 22.

6.      ***Statements, Part 13, Question 26 – Books, Records, and Financial Statements***. The Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients include, among others, regulatory agencies, financial institutions, investment banks, equityholders, debtholders and their legal and financial advisors. Financial statements may have also been provided to other parties as requested, subject to customary non-disclosure requirements where applicable. In the event such financial statements are provided, the Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in their response to Statement Question 26.

7.      ***Statements, Part 13, Question 28 – Controlling Shareholders***. For purposes of the Schedules and Statements, the Debtors define "controlling shareholders" to include entities that directly hold in excess of 20% of the ownership interests in the applicable Debtor entity. Entities listed as "controlling shareholders" have been included for informational purposes only. The Debtors do not take any position with respect to such entity's influence over the control of the Debtors or whether such entity could successfully argue that it is not a "controlling shareholder" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

* * * * *

| | |
|---|---|
| Debtor Name | **Shoes for Crews, Inc.** |
| **United States Bankruptcy Court for the  District of Delaware** | |
| Case number (if known): | **24-10667** |

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

---

### Part 1:   Summary of Assets

*1. Schedule A/B: Assets - Real and Personal Property*     (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*.................................................................................

$0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*.............................................................................

$0.00

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*................................................................................

$0.00

---

### Part 2:   Summary of Liabilities

2.   *Schedule D: Creditors Who Have Claims Secured by Property*     (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D............................

$450,985,000.00

3.   *Schedule E/F: Creditors Who Have Unsecured Claims*   (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*...............................................

$0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*........................................   **+**

$0.00

4.   **Total liabilities** ........................................................................................................
Lines 2 + 3a + 3b

$450,985,000.00

| Debtor Name | **Shoes for Crews, Inc.** |
|---|---|
| **United States Bankruptcy Court for the  District of Delaware** | |
| Case number (if known): | **24-10667** |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property                                       **12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized.  In Schedule A/B, list any executory contracts or unexpired leases.  Also list them on  *Schedule G: Executory Contracts and Unexpired Leases*      (Official Form 206G).

Be complete and accurate as possible.  If more space is needed, attach a separate spreadsheet to this form.  At the top of any pages added, write the debtor's name and case number (if known).  Also identify the form and line number to which the additional information applies.  If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category.  List each asset only once.  In valuing the debtor's interest, do not deduct the value of secured claims.  See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1.  **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

|  **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
|---|---|

2.  **Cash on hand**

3.  **Checking, savings, money market, or financial brokerage accounts**
    Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number

4.  **Other cash equivalents**

5.  **Total of Part 1**
    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
|---|---|

6.  **Does the debtor have any deposits or prepayments?**

Debtor  Shoes for Crews, Inc.                                    Case Number (if known) 24-10667

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7.   **Deposits, including security deposits and utility deposits**
     Description, including name of holder of deposit

8.   **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
     Description, including name of holder of prepayment

9.   **Total of Part 2**
     Add lines 7 through 8.  Copy the total to line 81.

**Part 3:**      **Accounts Receivable**

10.  **Does the debtor have any accounts receivable?**

     ☑ No. Go to Part 4.

     ☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11.  **Accounts receivable**

     11a. 90 days old or less:  _____  -  _____  =
                                 face amount              doubtful or uncollectible accounts

     11b. Over 90 days old:     _____  -  _____  =
                                 face amount              doubtful or uncollectible accounts

12.  **Total of Part 3**
     Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**Part 4:**      **Investments**

13.  **Does the debtor own any investments?**

Debtor  Shoes for Crews, Inc.                                    Case Number (if known) 24-10667

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds of publicly traded stocks not included in Part 1**
    Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
    Name of entity:                              % of ownership:

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
    Describe:

17. **Total of Part 4**
    Add lines 14 through 16. Copy the total to line 83.

**Part 5:        Inventory, excluding agricultural assets**

18. **Does the debtor own any inventory (excluding agricultual assets)?**

    ☑ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19. **Raw Materials**

20. **Work in progress**

21. **Finished goods, including goods held for resale**

Debtor  Shoes for Crews, Inc.                                    Case Number (if known) 24-10667

22.  **Other inventory or supplies**

23.  **Total of Part 5**
     Add lines 19 through 22. Copy the total to line 84.

24.  **Is any of the property listed in Part 5 perishable?**

     ☐ No.
     ☐ Yes.

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

     ☐ No.
     ☐ Yes.      Book Value $ _____      Valuation Method _____      Current Value $ _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

     ☐ No.
     ☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|---------------------------------------------------------------------------------|

27.  **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

     ☑ No. Go to Part 7.
     ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|----------------------------------------|-------------------------------------|
| 28.  **Crops - either planted of harvested** | | | |

Debtor  Shoes for Crews, Inc.                                      Case Number (if known) 24-10667

29. **Farm animals**
    Examples: Livestock, poultry, farm-raised fish

30. **Farm machinery and equipment**
    (Other than titled motor vehicles)

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6**
    Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No.
    ☐ Yes.

    **Is any of the debtor's property stored at the cooperative?**

    ☐ No.
    ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.     Book Value $_____     Valuation Method _____     Current Value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No.
    ☐ Yes.

Debtor  Shoes for Crews, Inc.                                                    Case Number (if known) 24-10667

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 7:**      Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 42. **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

43. **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

Debtor  Shoes for Crews, Inc.                                                   Case Number (if known) 24-10667

☐ No.

☐ Yes.

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.  **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles**

48.  **Watercraft, trailers, motors, and related accessories**
     Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels

49.  **Aircraft and accessories**

50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51.  **Total of Part 8.**
     Add lines 47 through 50. Copy the total to line 87.

Debtor  Shoes for Crews, Inc.                                    Case Number (if known) 24-10667

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.
☐ Yes.

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

**Part 9:**      **Real property**

54.  **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.
☐ Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| | | | | |

56.  **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.
☐ Yes.

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

Debtor  Shoes for Crews, Inc.                                    Case Number (if known) 24-10667

☐ No.

☐ Yes.

| Part 10: | Intangibles and intellectual property |
| --- | --- |

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 60. **Patents, copyrights, trademarks, or trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
    Add lines 60 through 65.  Copy the total to line 89.

Debtor  Shoes for Crews, Inc.                                              Case Number (if known) 24-10667

67.  **Do your lists or records include personally identifiable information of customers?**

☐ No.
☐ Yes.

68.  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No.
☐ Yes.

69.  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

| Part 11: | All other assets |
|---|---|

70.  **Does the debtor own any other assets that have not yet been reported on this form?**

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71.  **Notes receivable**
Description (include name of obligor)

_____  -  _____  =
Total face amount        Doubtful or uncollectible amount

72.  **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73.  **Interests in insurance policies or annuities**

73.1    See attached Exhibit AB73                                                        Undetermined

Debtor  Shoes for Crews, Inc.                                        Case Number (if known) 24-10667

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**


     **Nature of claim**

     **Amount Requested**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**


     **Nature of claim**

     **Amount Requested**

76. **Trusts, equitable or future interests in property**


77. **Other property of any kind not already listed**
     Examples: Season tickets, country club membership


78. **Total of Part 11.**
     Add lines 71 through 77.  Copy the total to line 90.


79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**


     ☐ No.

     ☐ Yes.

Debtor  Shoes for Crews, Inc.                                    Case Number (if known) 24-10667

**Part 12:**     **Summary**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | | |
| 83. | **Investments.** *Copy line 17, Part 4.* | | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. | **Real Property.** *Copy line 56, Part 9.* | | |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | | |

91. **Total.** Add lines 80 through 90 for each column.    91a. **$0.00**  **+** 91b. **$0.00**

92. **Total of all property on Schedule A/B.**   Lines 91a + 91b = 92.................................................................   **$0.00**

# SCHEDULES OF ASSETS AND LIABILITIES

EXHIBIT FOR SCHEDULE AB

PART 11, QUESTION 73

INTERESTS IN INSURANCE POLICIES OR ANNUITIES

**Never Slip Holdings, Inc., et al.**
**Case No. 24-10663**
**Schedule AB 73. Interests in insurance policies or annuities**

| Insurance Carrier | Type of Coverage | Policy Start Date | Policy End Date | Policy Number | Current Value of Debtor's Interest |
|---|---|---|---|---|---|
| Atlantic Specialty Insurance Co | Atlantic Specialty Insurance company - US customs Bond | 9/5/2023 | 9/5/2024 | 800137606 | Undetermined |
| AXIS Insurance Co | Combined Specialty Insurance | 3/31/2023 | 3/31/2024 | P00100008131604 | Undetermined |
| Federal Insurance Co | Executive Risk Primary | 3/29/2023 | 3/15/2024 | 82512135 | Undetermined |
| Allianz Global Risk US Insurance Co | Directors & Officers Excess Side A DIC | 3/31/2023 | 3/15/2024 | USF01069023 | Undetermined |
| ACE American Insurance Co | Directors & Officers Excess | 3/15/2023 | 3/15/2024 | G46879338006 | Undetermined |
| Federal Insurance Co | Chubb - Commercial Package Policy | 10/1/2024 | 12/31/2024 | 35847376 | Undetermined |
| Vigilant Ins Co | Chubb - Workers Compensation | 10/1/2024 | 12/31/2024 | 2471636332 | Undetermined |
| Federal Insurance Co | Chubb - Umbrella Liability | 10/1/2024 | 12/31/2024 | 79849713 | Undetermined |
| Federal Insurance Co | Chubb - Business Auto Coverage | 10/1/2024 | 12/31/2024 | 73544120 | Undetermined |
| Lloyd's Syndicate No.2623 | Beazley - Cyber Liability | 12/15/2023 | 12/15/2024 | W18FB9230901 | Undetermined |
| Lloyd's Syndicate No.5381 | AGCS Marine Insurance Company - Cargo Stock Throughput | 12/15/2023 | 12/14/2024 | MACAR2301893 | Undetermined |
| Lloyd's Syndicate No.4141 | Excess Stock Throughput-Cargo | 12/15/2023 | 12/14/2024 | MACAR2301957 | Undetermined |
| The Insurance Co of the State of PA | Ins Co of the state PA - Commercial Package Policy-Foreign | 12/15/2023 | 12/15/2024 | WR10007215 | Undetermined |
| Federal Insurance Co | Executive Risk Primary | 3/15/2024 | 3/31/2025 | J06495783 | Undetermined |
| ACE American Insurance Co | Directors & Officers Excess | 3/31/2024 | 3/31/2025 | G46879338007 | Undetermined |
| Allianz Global Risk US Insurance Co | Directors & Officers Excess Side A DIC | 3/31/2024 | 3/31/2025 | USF01069024 | Undetermined |
| AXIS Insurance Co | Combined Specialty Insurance | 3/31/2024 | 3/31/2025 | P00100008131605 | Undetermined |
| ACE American Insurance Co | New - Directors & Officers Excess | 3/31/2024 | 3/31/2025 | G46879338007 | Undetermined |
| Allianz Global Risk US Insurance Co | Directors & Officers Excess Side A DIC | 3/31/2024 | 3/31/2025 | USF01069024 | Undetermined |
| AXIS Insurance Co | Renewal - Combined Specialty Insurance | 3/31/2024 | 3/31/2025 | P00100008131605 | Undetermined |
| | | | | **Total** | **Undetermined** |

| Debtor Name | **Shoes for Crews, Inc.** | Check if this is an amended filing |
|---|---|---|

**United States Bankruptcy Court for the District of Delaware**

Case number (if known):   **24-10667**

## Official Form 206D

# Schedule D - Creditors Who Have Claims Secured by Property                      12/15

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules.  Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | **Amount of Claim** Do not deduct the value of collateral | **Value of collateral that supports this claim** |
|---|---|---|

**2.1**

| Creditor's name | Describe debtor's property that is subject to a lien |
|---|---|
| ANTARES CAPITAL, LP | SUBSTANTIALLY ALL ASSETS |

**$283,032,000.00**     **$283,032,000.00**

Creditor's mailing address

AS ADMINISTRATIVE & COLLATERAL AGENT
500 W MONROE ST
CHICAGO, IL 60661

Describe the lien

First Lien Credit Facility

Creditor's email address, if known

**Is the creditor an insider or related party?**

☑ No

☐ Yes

Date debt was incurred  October 27, 2015

Last four digits of account number _____

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Specify each creditor, including this creditor, and its relative priority.

☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**

☐ Contingent

☐ Unliquidated

☐ Disputed

☑ Yes.  The relative priority of creditors is specified on lines

**2.2**

| Creditor's name | Describe debtor's property that is subject to a lien |
|---|---|
| ANTARES CAPITAL, LP | SUBSTANTIALLY ALL ASSETS |

**$20,661,000.00**     **$20,661,000.00**

Creditor's mailing address

AS ADMINISTRATIVE & COLLATERAL AGENT
500 W MONROE ST
CHICAGO, IL 60661

Describe the lien

Sidecar Credit Facility (pari passu with First Lien

Creditor's email address, if known

**Is the creditor an insider or related party?**

☑ No

☐ Yes

Date debt was incurred  October 31, 2019

Last four digits of account number

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**

☐ Contingent

☐ Unliquidated

☐ Disputed

☑ Yes.  The relative priority of creditors is specified on lines

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**        $450,985,000.00

| Debtor Name | **Shoes for Crews, Inc.** | Case number (if known): **24-10667** |

| **Part 1:** | **Additional Page(s)** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | | **Amount of Claim**<br>Do not deduct the value of collateral | **Value of collateral that supports this claim** |

**2.3**

**Creditor's name**

ARES CAPITAL CORP

**Describe debtor's property that is subject to a lien**

SUBSTANTIALLY ALL ASSETS

$147,292,000.00     $147,292,000.00

**Creditor's mailing address**

AS ADMINISTRATIVE & COLLATERAL AGENT
225 W WASHINGTON ST, 9TH FL
CHICAGO, IL 60605

**Describe the lien**

Second Lien Credit Facility

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Date debt was incurred**  October 27, 2015

**Last four digits of account number**

**Is anyone else liable on this claim?**

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No
☑ Yes. Have you already specified the relative priority?
☐ No. Specify each creditor, including this creditor, and its relative priority.

☑ Yes.  The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**

☐ Contingent
☐ Unliquidated
☐ Disputed

| Debtor Name | **Shoes for Crews, Inc.** |
| --- | --- |

**United States Bankruptcy Court for the  District of Delaware**

Case number (if known):     **24-10667**

☐ Check if this is an
amended filing

<u>Official Form 206E/F</u>

# Schedule E/F - Creditors Who Have Claims Unsecured Claims

**12/15**

Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B) and on  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left.  If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

[X] No. Go to Part 2.
☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.**    If the debtor has more than
3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
| --- | --- | --- | --- |

**2.1** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**    $_____        $_____

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**  11 U.S.C. § 507(a) (          )

| Debtor Name | **Shoes for Crews, Inc.** | Case number (if known): **24-10667** |

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

Amount of claim

**3.1** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No
☐ Yes

Debtor Name    **Shoes for Crews, Inc.**    Case Number (if known): **24-10667**

<div style="background:black; color:white;">

**Part 3:**    List Others to Be Notified About Unsecured Claims

</div>

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors**

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

Debtor Name    **Shoes for Crews, Inc.**                                      Case number (if known): **24-10667**

<span style="background:black;color:white">**Part 4:**</span>    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

**5a. Total claims from Part 1**                                                                $0.00

**5b. Total claims from Part 2**                                                                $0.00

**5c. Total claims of Parts 1 and 2**                                                         $0.00
    Lines 5a + 5b = 5c

| Debtor Name | **Shoes for Crews, Inc.** |
|---|---|
| **United States Bankruptcy Court for the  District of Delaware** | |
| Case number (if known):    **24-10667** | |

☐ Check if this is an
amended filing

<u>Official Form 206G</u>

## Schedule G: Executory Contracts and Unexpired Leases

**12/15**

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☒ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | **NONE** |
|---|---|---|
| | State the term remaining | |
| | List the contract number of any government contract | |

| Debtor Name | **Shoes for Crews, Inc.** |
|---|---|
| **United States Bankruptcy Court for the District of Delaware** | |
| Case number (if known): | **24-10667** |

☐ Check if this is an
amended filing

<u>Official Form 206H</u>

## Schedule H: Codebtors

12/15

**Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**   Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | Name | Mailing Address | Name | Check all schedules that apply |
| 2.1 | **NEVER SLIP HOLDINGS, INC** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Antares Capital, LP | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 | **NEVER SLIP HOLDINGS, INC** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Ares Capital Corp | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 | **SFC CANADA, INC.** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Antares Capital, LP | ☑ D<br>☐ E/F<br>☐ G |
| 2.4 | **SFC CANADA, INC.** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Ares Capital Corp | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 | **SFC HOLDINGS, INC.** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Antares Capital, LP | ☑ D<br>☐ E/F<br>☐ G |

| Debtor Name | **Shoes for Crews, Inc.** | | Case number (if known): **24-10667** |

<hr>

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | Mailing Address | **Name** | *Check all schedules that apply* |
| 2.6  **SFC HOLDINGS, INC.** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Ares Capital Corp | ☑ D ☐ E/F ☐ G |
| 2.7  **SFC HOLDINGS, LLC** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Antares Capital, LP | ☑ D ☐ E/F ☐ G |
| 2.8  **SFC HOLDINGS, LLC** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Ares Capital Corp | ☑ D ☐ E/F ☐ G |
| 2.9  **SHO HOLDING I CORPORATION** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Antares Capital, LP | ☑ D ☐ E/F ☐ G |
| 2.10  **SHO HOLDING I CORPORATION** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Ares Capital Corp | ☑ D ☐ E/F ☐ G |
| 2.11  **SHO HOLDING II CORPORATION** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Antares Capital, LP | ☑ D ☐ E/F ☐ G |
| 2.12  **SHO HOLDING II CORPORATION** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Ares Capital Corp | ☑ D ☐ E/F ☐ G |
| 2.13  **SHOES FOR CREWS CANADA, LTD.** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Antares Capital, LP | ☑ D ☐ E/F ☐ G |

Debtor Name      **Shoes for Crews, Inc.**                     Case number (if known): **24-10667**

| | **Additional Page(s) if Debtor has More Codebtors** |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| **Column 1: Codebtor** | | **Column 2: Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.14 **SHOES FOR CREWS CANADA, LTD.** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Ares Capital Corp | ☑ D  ☐ E/F  ☐ G |
| 2.15 **SHOES FOR CREWS, LLC** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Antares Capital, LP | ☑ D  ☐ E/F  ☐ G |
| 2.16 **SHOES FOR CREWS, LLC** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Ares Capital Corp | ☑ D  ☐ E/F  ☐ G |
| 2.17 **SRS/MKS, L.L.C.** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Antares Capital, LP | ☑ D  ☐ E/F  ☐ G |
| 2.18 **SRS/MKS, L.L.C.** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Ares Capital Corp | ☑ D  ☐ E/F  ☐ G |
| 2.19 **SUNRISE ENTERPRISES, LLC** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Antares Capital, LP | ☑ D  ☐ E/F  ☐ G |
| 2.20 **SUNRISE ENTERPRISES, LLC** | **5000 T-REX AVE, STE 100 BOCA RATON, FL 33431** | Ares Capital Corp | ☑ D  ☐ E/F  ☐ G |

| **Debtor Name** | Shoes for Crews, Inc. |
|---|---|
| **United States Bankruptcy Court for the  District of Delaware** | |
| **Case Number:** 24-10667 | |

<u>Official Form 202</u>

## <u>Declaration Under Penalty of Perjury for Non-Individual Debtors</u>                12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C.  152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets- Real and Personal Property*     (Official Form 206 A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property*     (Official Form 206 D)

☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*     (Official Form 206 E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases*     (Official Form 206 G)

☑ *Schedule H: Codebtors*                (Official Form 206 H)

☑ *Summary of Assets and Liabilities for Non-Individuals*     (Official Form 206Sum)

☐ *Amended Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*  (Official Form 204)

☐ *Other document that requires a declaration*

I, the Chief Financial Officer of the Shoes for Crews, Inc., declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 26 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on:  5/14/2024
MM / DD / YYYY

Signature _____ /s/ Christopher Sim _____

Christopher Sim
Printed Name

Chief Financial Officer
Title